SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* McDONALD.

[68 South. 74.]

1. APPEAL AND ERROR. *Verdict. Conclusiveness. Insurance. Fraternal insurance. Actions. Evidence. Admissibility.*

It is not within the province of the supreme court to set aside the verdict of a jury upon a disputed question of fact.

2. INSURANCE. *Fraternal insurance. Actions. Evidence. Admissibility.*

In a suit on a fraternal benefit certificate, which was defended on the theory that the insured was killed by a third person in self-defense, evidence that such third person had been indicted, tried and acquitted was not admissible, because plaintiff was not a party to the criminal trial and her rights were in no way lessened or affected by the verdict of the jury in such trial.

APPEAL from the circuit court of Carrol county.

HON. J. A. TEAT, Judge.

Suit by Mrs. Monie W. McDonald against the Sovereign Camp Woodmen of the World. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Jas. Stone & Son,* for appellant.

*Hughston & McEachern,* for appellee.

COOK, J., delivered the opinion of the court.

Appellee is the beneficiary in an insurance policy written by appellant upon the life of her deceased husband. Appellant refused to pay the sum mentioned in the policy, and this suit was brought to recover same, which resulted in a judgment for plaintiff, and defendant appeals.

It was the contention of defendant below, appellant here, that the deceased came to his death "in consequence of the violation, or attempted violation, of the laws of the state," and for this reason the policy is forfeited by the terms of the policy. It appears that Mr. McDonald was killed by his brother, and the question here is: Did the death occur in consequence of deceased's violation of the law? The evidence for defendant below is to the effect that Mr. McDonald made an unprovoked, deadly assault upon his brother, and that his brother shot and killed him in defense of his own life.

Upon the trial in the court below the evidence offered by plaintiff, we think, warranted the jury in believing that the deceased was shot in the back, and that therefore the testimony of the man who killed him was in direct conflict with the physical facts. In other words, if it be true that the wounds which caused the death were in the deceased's back, the story told by the man who

inflicted the wounds could not be true. The jury were the sole judges of the weight and value of the evidence, and their verdict expressed their belief that the defendant was not supported by the evidence. It is not within the province of this court to set aside the verdict of a jury upon a disputed question of fact.

Defendant below offered to prove that the killer was indicted, tried, and acquitted. This evidence was objected to and the objection was sustained. The exclusion by the court of this evidence is assigned for error.

We think the court was right in sustaining the objection to this evidence. The verdict of the jury, so far as this case is concerned, meant no more than that the state's evidence did not convince the jury beyond all reasonable doubt of defendant's guilt, and besides the plaintiff here was not a party to the criminal trial, and her rights are in no way lessened or affected by the verdict of the jury in the criminal trial. The issues were different and the parties were different.

*Affirmed.*